[No. 1121.   Decided May 1, 1894.]

JACOB MICHAELS, *Respondent*, v. JOHN KEANE *et al.*, *Appellants.*

CONVEYANCE OF LANDS IN PARCELS—LIABILITY FOR EXISTING LIENS.

Where the owner of a lot subject to a street assessment has conveyed away one-third of the lot by warranty deed, and subsequently conveys the balance of the lot by deed of general warranty except as to street assessments and taxes, the subsequent grantee takes with notice of the equities existing in favor of the first grantee, and he cannot pay the assessment and enforce the collection of one-third of the sum from the grantee holding under the first conveyance.

*Appeal from Superior Court, King County.*

*Thompson, Edsen & Humphries*, and *Wiley & Bostwick*, for appellants.

*D. D. Harger*, for respondent.

The opinion of the court was delivered by

Scott, J. — One Treen was the owner of lot two, block fifteen, East Park Addition to Seattle, and while he was the owner thereof said lot became subject to a street assessment of $205.62. He thereafter conveyed one-third of said lot by warranty deed to one Andrus, who thereafter conveyed the same by warranty deed to one Anna Gill, and she conveyed the same by like deed to appellant John Keane. Thereafter said Treen conveyed the remaining two-thirds of said lot to the respondent Michaels by deed of general warranty excepting as to street assessments and taxes. Appellant Welch holds a mortgage executed by appellants Keane and wife upon said one-third first conveyed. The respondent paid the whole of the street assessment, and brought this action to compel appellants to pay one-third of said amount. A demurrer was interposed to the complaint which the court overruled; whereupon an answer was filed and trial had, and judgment was rendered in favor of the respondent, from which an appeal was taken.

Appellants contend that the action would not lie as the obligation rested upon Treen to pay the whole of said assessment, and Michaels having obtained the remaining two-thirds by subsequent deed stood in the same position, and could claim no greater rights than Treen had therein.

We are of the opinion that this point is well taken. Treen having conveyed one-third of said lot and warranted it free from incumbrances was under obligation to discharge the assessment lien thereon, and Michaels having taken a subsequent deed for the remaining two-thirds with notice of the equities existing in favor of appellants is in the same position. As between the parties the liability for said assessment rested upon the two-thirds of said lot last conveyed. This proposition seems to be sustained by the

weight of authority in this country. 2 Jones, Mortgages, §§ 1090–1092, 1620–1632.

Reversed.

DUNBAR, C. J., and HOYT, STILES and ANDERS, JJ., concur.